BROWN & WILLIAMSON TOBACCO CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15020. Promulgated February 26, 1951.

---

*Richard L. Shook, Esq., Eugene Meacham, Esq., Harrison M. Robertson, Esq.,* and *Louis Seelbach, Esq.,* for the petitioner.

*W. W. Kerr, Esq.,* for the respondent.

436

442

444

**OPINION.**

Opper, *Judge:* The single factual issue requires purely a determination of the proportion of premium coupons issued by petitioner with its cigarettes during the years in question which would eventually be presented for redemption. This determination has been made by our ultimate finding of fact. The question arises because of the ac-

counting system which respondent's regulations impose upon those who, like petitioner, issue trading stamps or redeemable coupons with their products. The requirement is that "he should in computing the income from such sales subtract only the amount which will be required for the redemption of such part of the total issue of trading stamps or premium coupons issued during the taxable year as will eventually be presented for redemption."[1]

Neither party attacks the regulation [2] and, since there is no dispute as to the cost of redemption per coupon, both approach the controversy as involving "reasonable expectation"[3] of the proportion of the coupons issued in a given year which will eventually be redeemed. It is on that presentation of the issue that our conclusion rests.

The proceeding was, by agreement of the parties, heard before a Commissioner of the Tax Court in accordance with Internal Revenue Code, section 1114, and Rule 48 of our Rules of Practice.[4] It is in fact the first tax case to be so treated. See *Bibb Manufacturing Co.*, 12 T. C. 665. In conformity with the procedure envisaged by the rule,[5] the Commissioner prepared detailed proposed findings, to which the parties were permitted to file exceptions. Careful consideration has been given to the proposed findings, to the exceptions and arguments of the parties, and to the record as a whole. After such study,

---

[1] Regulations 111: SEC. 29.42–5. SUBTRACTION FOR REDEMPTION OF TRADING STAMPS.—
If a taxpayer, for the purpose of promoting his business, issues with sales trading stamps or premium coupons redeemable in merchandise or cash, he should in computing the income from such sales subtract only the amount which will be required for the redemption of such part of the total issue of trading stamps or premium coupons issued during the taxable year as will eventually be presented for redemption. This amount will be determined in the light of the experience of the taxpayer in his particular business and of other users of trading stamps or premium coupons engaged in similar businesses. The taxpayer shall file for each of the five preceding years, or such number of these years as stamps or coupons have been issued by him, a statement showing—
    (a) The total issue of stamps during each year;
    (b) The total stamps redeemed in each year; and
    (c) The rate, in percentage, which the stamps redeemed in each year bear to the total stamps issued in such year, regardless of the year when such redeemed stamps were issued.
A similar statement shall also be presented showing the experience of other users of stamps or coupons whose experience is relied upon by the taxpayer to determine the amount to be subtracted from the proceeds of sales. The Commissioner will examine the basis used in each return, and in any case in which the amount subtracted in respect of such stamps or coupons is found to be excessive, appropriate adjustment will be made.

[2] See *United States v. O. J. Morrison Stores of Fairmont* (CCA–4), 99 Fed. (2d) 77.

[3] Petitioner's exceptions request that an ultimate finding "make it clear that the percentages found by the Court are the percentages of the coupons issued in each of the years 1940–1943, inclusive, which would *reasonably be expected* eventually to be redeemed," and respondent's brief states: "the following percentages of coupons issued in each respective year here involved can *be reasonably expected* to be redeemed;" (Emphasis added.)

[4] RULE 48.—COMMISSIONERS OF THE TAX COURT.
(a) The term "commissioner" as used in this Rule 48 applies to any attorney on the legal staff of this Court who shall have been designated by the Chief Judge as a "commissioner" in a particular case" pursuant to Section 1114 of the Internal Revenue Code * * *.

[5] See "Tax Court Commissioners," by Edward N. Polisher, Taxes, May 1950, 413.

we are satisfied that the proposed findings of the Commissioner accord with the facts as they appear from the record, and the proposed findings have hence been adopted in full.

All other issues have been or will be disposed of by stipulation of the parties.

Reviewed by the Court.

*Decision will be entered under Rule 50.*